## CALDWELL and Another *v.* ASBURY.

MECHANIC'S LIEN.—The real estate was described in a notice of a mechanic's lien thus: "House and lot on the south-west corner of *Fourth* and *Oak* streets, in *Terre Haute, Indiana,*" and it was held that the description was sufficient, but would not give a lien on two lots.

SAME.—MARRIED WOMAN.—Where, during the building of a house for a *feme sole,* she married, and the work was afterwards completed, it was held that a complaint to enforce the lien of the mechanic need not allege that the real estate was the separate property of the wife.

PRACTICE.—ASSIGNMENT OF ERRORS.—That the finding of the court below was contrary to law or to the evidence, is ground for a new trial, but the assignment of error in the Supreme Court should be upon the overruling of the motion for a new trial, and not upon the finding.

APPEAL from the *Vigo* Common Pleas.

GREGORY, C. J.—The appellee sued the appellants in the court below to enforce a mechanic's lien for plastering the house of *Juliett Caldwell,* under a contract made with her while unmarried, she having since intermarried with her co-defendant. A copy of the notice, filed in the recorder's office, is made a part of the complaint. The notice is as follows:

"Mrs. *Julia Caldwell* to *Elbridge Asbury,* Dr. To furnishing material and plastering 268 yards of plastering, at twenty-five cents per yard, $93 80; house on the south-west corner of *Fourth* and *Oak* streets, *Terre Haute, Indiana.* Mrs. *Julia Caldwell* will take notice that I intend to hold a lien on said house and lot for said sum of $93 80. (Signed,) *Elbridge Asbury.*"

A demurrer was overruled to the complaint, and the appellants excepted, and assign this for error.

Several objections are made to the complaint. One is, that the real estate on which the building is situated is not described with sufficient accuracy and certainty. The description is sufficient. It is capable of being reduced to a certainty. "That is certain which may be made certain," is a maxim which may well be applied in a case like this.

The complaint attempts to charge the lien on two lots. This cannot be done under the notice; but this cannot be reached by demurrer. The complaint is good as to one lot. A misdescription of the real estate in the complaint was a matter to be looked to on the trial.

Another objection to the complaint is, that although the complaint sets up a contract with *Juliett Caldwell* before her marriage, it avers the further fact that she was married before the completion of the work and the filing of the lien, and it is claimed that in such a case both the notice and the complaint should show that the real estate was the separate property of the wife. We think otherwise. The contract, when made, was a valid one. The subsequent marriage could in no wise affect it.

The case was tried by the court on issues of fact. Finding for the plaintiff. A motion for a new trial was overruled, and the defendants excepted, but this is not assigned for error. The first and second errors assigned are not sufficient to raise any question in this court. They are as follows: "1. The finding of the court was contrary to law. 2. The finding of the court was contrary to evidence." These are reasons for a new trial; but if any error was committed for which a new trial ought to have been awarded, the error was in overruling a motion therefor.

It is objected that the judgment ought not to have been against the husband. No exception was taken to the form of the judgment. The remedy of the husband is in the court below to correct the judgment.

The judgment is affirmed, with costs.

*D. W. Voorhees* and *J. J. Key*, for appellants.