## O'HALLORAN *v.* LEACHEY.

MECHANIC'S LIEN.—*Remedy.*—The remedy provided by section 649 of the code, for sub-contractors, journeymen, and laborers, employed in the construction or repair of a building, or furnishing materials therefor, is purely personal, while the remedy provided by section 650 is *in rem.*

SAME.—*Notice.*—Under said section 649, the notice need not describe the premises; and a party is entitled to pursue the remedy provided by that section, although he may also have taken the steps necessary to create a lien on the premises.

SAME.—*Notice.*—*Description of Premises.*—In a notice of intention to hold a mechanic's lien, the premises were described as "a certain building, three-story high, with the lower story finished off with a stone front, situated on the eighteen feet on the east side of town lot number fifty-eight, in Washington, formerly called Liverpool, in said county" (the county having previously been named in the notice).

*Held*, that the description was sufficient.

APPEAL from the Daviess Common Pleas.

BUSKIRK, C. J.—The only question presented by the record is, whether the court erred in sustaining a demurrer to the complaint. The complaint was as follows:

"John O'Halloran, plaintiff, complains of Mary Leachey, defendant, and for an amended complaint herein, says that said defendant is indebted to him in the sum of sixty dollars, being the balance due on stone and stone work used by one —— Lincoln, in and about the erection of the two story brick building, with a stone front in the lower story, situated on the east corner of lot numbered fifty-eight (58), in that part of the town of Washington, in Daviess county, Indiana, formerly called Liverpool, lately built and erected for the said defendant by the said —— Lincoln, who was the contractor for the erection of said building, and at whose special instance and request and for whom the stone and stone work aforesaid were furnished by the plaintiff. The plaintiff further says that, on or about the 1st day of September, 1870, he caused a notice (a copy of which is filed herewith and marked A) to be served on the said defendant, by which the defendant was duly notified of the nature and amount of the plaintiff's claim, that said claim was due and unpaid, that

it was plaintiff's intention to hold the defendant, as the owner of said building, responsible for the payment of the amount so due him, as aforesaid. Wherefore the defendant was, and became, and still is, liable to pay the plaintiff for the amount of his said debt.

"And the plaintiff further says, that afterward, to wit, on the 15th day of October, 1870, and within sixty days after the completion of the said building, he caused to be filed and recorded, on the proper record in the recorder's office of said county, a notice of his intention to hold a lien upon said premises for said sum of sixty dollars, which said notice is hereto attached, and marked B, and made a part hereof.

"Wherefore the plaintiff says that he has acquired a lien on said premises, and that said premises are subject and liable for the payment of his said debt. Plaintiff, therefore, demands judgment against the said defendant for the sum of sixty dollars, and an order that the said premises be sold for the satisfaction of said debt, and other proper relief."

The notices made a part of the complaint were as follows:

"EXHIBIT A.

"To MISS MARY LEACHEY:—You are notified that —— Lincoln is indebted to me in the sum of sixty dollars, being for balance due me on contract for stone and stone work used by said Lincoln in the erection of the two story brick building with a stone front on the lower story, situated on the northeast corner of the lot numbered fifty-eight (58) in that part of the town of Washington, in Daviess county, Indiana, formerly called Liverpool, and that I hold you, as the owner of said building, responsible for the payment of the same. September 1st, 1870.

"JOHN O'HALLORAN."

"EXHIBIT B.

"MECHANIC'S LIEN NOTICE.

"Know all whom it may concern, that I, John O'Halloran, of Washington, Daviess county, Indiana, intend to hold a lien on a certain building, three story high, with the lower story finished off with a stone front, situate on the eighteen

feet on the east side of town lot number fifty-eight, in Washington, formerly called Liverpool, in said county, on the ground where the said building is situated, for the sum of sixty dollars, for balance due, used and expended by me in the construction and building and materials furnished for the building and construction of the same, the said work having been done and completed on the first day of October, 1870, said building and improvements being owned by Mary Leachey.    October 13th, 1870.    JOHN O'HALLORAN."

The appellee demurred to the above complaint, for the reason that the same did not contain facts sufficient to constitute a cause of action.    The demurrer was sustained, and the appellant excepted.

We have not been favored with a brief by the appellee, and do not therefore know upon what grounds the demurrer was sustained.    The proceeding is based upon sections 649 and 650 of the code, as amended March 11th, 1867.    3 Ind. Stat. 335.

The remedy provided by section 649 is purely personal, while that provided by section 650 is *in rem.*    The one makes the owner personally responsible, while the other creates a lien upon the ground and building.    The appellant is attempting to enforce both at the same time, and in one paragraph of the complaint.    The proper steps were not taken in the court below to require us to determine whether this can be done.

We have been unable to discover any valid objection to the complaint.

It is suggested by counsel for appellant, in their brief, that the objection urged to the complaint in the court below was, that the notice which was recorded did not sufficiently describe the premises on which the new building was erected. We think there is nothing in the objection.    In the case of *Caldwell* v. *Asbury,* 29 Ind. 451, the notice, which was not as full and definite as in the case at bar, was held to be sufficient.    But if the notice was insufficient, the objection could not be raised on a demurrer to the complaint, but only upon

a motion to strike out that part relating to the lien. *Bourgette* v. *Hubinger*, 30 Ind. 296.

Under section 649, the notice need not describe the premises. The appellant was entitled to pursue that remedy, although he had taken the steps necessary to create a lien on the premises.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the demurrer to the complaint, and for further proceedings, in accordance with this opinion.

*J. M. Van Trees* and *J. W. Burton*, for appellant.