### John J. Blanshard v. C. A. Schwartz.

(Filed July 30, 1898.)

1. Mechanic's Lien—*Statement of—Sufficiency.* In order to establish a mechanic's lien, the statement filed for that purpose must substantially comply with the statute; and where the lien claimant files in the office of the clerk of the district court of the county in which the land is situated a statement setting forth the amount claimed, the items thereof, the name of the owner, the name of the contractor, and the description of the property, so as to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, verified by affidavit, it will be sufficient.

2. SAME—*Description of Property—Notice to Mortgagee.* Where a lien statement describes the property subject to a lien as "s.tuated in the county of Kay, Territory of Oklahoma, to wit, lot No. 15 in block No. 34," but fails to state the town in which the property is situated in the body of the lien statement, but in the item zed statement, which is attached to and made a part of the lien statement, correctly describes the property; and when it appears that no other property answers to such description, and the property may easily be found by any one who may be acquainted with such description, and with the facts which exist, and which may be easily ascertained upon inquiry, as the evidence shows in this case; and where there is testimony showing that the partner of the mortgagee had actual notice of such mechanic's lien,—these facts are sufficient notice to a subsequent mortgagee, notwithstanding there is a material defect in the description of the property in the body of the lien statement.

3. MORTGAGE—*Foreclosure—Parties.* In an action to foreclose by a mortgagee, all lien-holders and incumbrancers should be made parties; and a lien-holder who is not made a party in the first instance is entitled, upon application, to intervene at any t me before final judgment, and, by answer in the nature of a cross petition, set forth his claim of lien, and ask to have the same foreclosed.

4. SAME—*Pleadings—Sub-Contractor May Intervene, When.* Where a mortgagee brings foreclosure proceedings, and fails to make the mechanic's lien-holder party to the action, a sub-contractor, who has intervened within one year from the time he filed his lien statement, may make the contractors parties to the action, after the expiration of one year, for the purpose of asserting and foreclosing his lien against a mortgagee and other incumbrancers.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before A. G. C. Bierer, District Judge.*

*Frank Exline* and *W. L. Barnum,* for plaintiff in error.

*C. T. Atkinson* and *L. C. Brown,* for defendant in error.

STATEMENT OF FACTS.

This was an action commenced in the district court of Kay county on October 12, 1894, by John J. Blanshard, cashier of the Bank of Commerce, plaintiff, against C. H. Murray and S. M. Moore, partners, under the firm name of Murray & Moore, and Sarah J. Moore, defendants,

upon a certain promissory note, and for the forclosure of a certain real estate mortgage, on lot No. 15 in block No. 34, in the town of Newkirk, in said county, said note and mortgage having been executed by the said defendants on the 11th day of August, 1894.

It appears that on September 27, 1893, the said firm of Murray & Moore entered into a contract with Brenneman & Line to erect on said real estate a certain frame building; and, on or about said date, C. A. Schwartz, the defendant in error in this action, entered into a sub-contract with Brenneman & Line to furnish for the erection of said building a certain amount of lumber to be used in the construction of said building upon said real estate; that on the 20th day of December, 1893, the defendant in error, C. A. Schwartz, filed in the office of the clerk of the district court of Kay county his mechanic's lien statement. It further appears from the record that he served the said Murray & Moore, the owners of the property, with notice of filing of the mechanic's lien, as required by law. The plaintiff did not make C. A. Schwartz a party defendant to the action. However, on December 17, 1894, C. A. Schwartz, defendant in error, after first obtaining leave from the court, intervened in said action. On March 22, 1895, the plaintiff obtained a judgment against the defendants in the original action for $1,145, but no decree of foreclosure and sale of premises was made at the time, pending the determination of the intervener's claim.

On October 17, 1895, the defendant in error, C. A. Schwartz, filed an amended answer and cross petition, leave of the court having first been obtained. Leave was also granted the intervener, Schwartz, to amend his mechanic's lien statement. The plaintiff in error ob-

jected to the filing of the amended petition and cross petition, and also to permitting the intervener to amend his mechanic's lien.

The plaintiff filed a demurrer to the intervener's amended answer and cross petition, on the following grounds: First, that the court has no jurisdiction to hear and determine this action; second, that there is a defect of parties defendant to the cause of action sought to be set forth in the answer and cross petition; third, that the said answer and cross petition does not state facts sufficient to constitute a cause of action. Pending the hearing of said demurrer, the intervener asked leave of the court to amend his cross petition, by making Brenneman & Line, the original contracters, parties defendant to the action, which was granted by the court, and to which ruling of the court the plaintiff at the time excepted. Thereupon the court overruled the demurrer to the amended answer and cross petition of the intervener. Schwartz, to which ruling of the court the plaintiff excepted. Thereupon the plaintiff filed a reply to the amended answer and cross petition, denying each and every material allegation therein contained. On August 28, 1896, the cause was tried by the court upon the amended answer and cross petition of the intervener, Schwartz, and the reply filed thereto by the plaintiff. The court rendered judgment in favor of the intervener, Schwartz, and against the contractors, Brenneman & Line, in the sum of $364.78, sustained the mechanic's lien, and declared it to be a first lien upon the above-described premises, to which ruling of the court the plaintiff excepted at the time. Thereupon the plaintiff filed a motion for a new trial upon the following grounds: First, that the decision is not sustained by the evidence;

second, that the decision is contrary to law; third, errors of law occurring at the trial, and excepted to by the plaintiff—which motion was by the court overruled, to which ruling of the court the plaintiff excepted, and brings the cause on appeal to this court. Affirmed.

Opinion of the Court by

HAINER, J.: The questions to be determined by this court in this controversy arise between the plaintiff in error, as mortgagee of a certain lot situated in the town of Newkirk, Oklahoma Territory, and the defendant in error, who claims a prior lien on the same property by virtue of a mechanic's lien. The plaintiff in error claims a lien by virtue of a mortgage executed to him as cashier of the Bank of Commerce on the 11th day of August, 1894. The defendant in error asserts that his lien is a valid and superior lien to that of the mortgagee, which he claims to have secured on said property by virtue of his mechanic's lien filed on December 20, 1893, for lumber and material furnished for the construction of a building upon the same premises on which the mortgage was executed to the plaintiff.

It is contended by the plaintiff in error that the original mechanic's lien statement filed December 20, 1893, by C. A. Schwartz, defendant in error, was void as against the plaintiff, a subsequent mortgagee, for two reasons: First, because the statement does not contain an averment that the lumber and materials were furnished with the intention and agreement that they were to be used in the construction of a building upon certain premises; and, second, because the description of the land upon which the building is situated is fatally defective.

Section 4528 of our statute provides: "Any person

claiming the lien as aforesaid shall file in the office of the clerk of the district court of the county in which the land is situated a statement setting forth the amount claimed and the items thereof as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant, and the description of the property subject to the lien, verified by affidavit." The lien statement of the defendant in error complies with every provision of this statute with the exception of a defect in the description of the property, in this, to-wit: The "Town of Newkirk" is omitted from the body of the lien statement. This defect, however, is cured by the itemized statement which is attached to and made a part of the original statement, which accurately describes the property. The original statement is as follows:

"C. A. Schwartz represents that he is the claimant filing this statement or lien as hereinafter specified; that under and in pursuance of a contract therefor, made by C. A. Schwartz, the claimant herein, with Brenneman & Line, contractors, with Murray & Moore, owners of land described below, the said claimant furnished material to the amount of $389.58, which said C. A. Schwartz furnished between the 27th day of September, 1893, and the 27th day of October, 1893, and that the exhibit hereto attached, marked 'A,' and made a part hereof, contains, as near as practicable, a statement of the items of said materials furnished; that there remains due and wholly unpaid from said contractors and owners to the claimant herein named, under said contract, the sum of $314.58; that said material furnished was used for the erection and improvement of a certain building situated upon the following described tract or piece of land, situated in the county of Kay, Territory of Oklahoma, to-wit: lot No. 15, in block 34; and said C. A. Schwartz further says that this statement made and filed upon the said premises for said sum of $314.58, the amount due claimant, is herein set forth."

This statement was duly verified by C. A. Schwartz. Exhibit A, which was made a part of this statement, contains an itemized statement of the account of the lumber furnished by Schwartz to Brenneman & Line for the construction of said building. At the top and upon the face of said itemized statement appears the following words: "Newkirk, Dec. 4th, 1893. Brenneman & Line, for Murray & Moore Bldg., on lot 15, blk. 34, Newkirk, O. T., bought of C. A. Schwartz." Then follows the various items, prices, etc.

The testimony of C. H. Murray, one of the defendants to this action, upon this point, was as follows:

"Q. Did you have an interest as a firm in lot No. 15, block No. 34, in the town of Newkirk, Oklahoma? A. We did.

"Q. Of whom did the firm consist? A. Of C. H. Murray and S. M. Moore.

"Q. Were you partners? A. We were.

"Q. What was the firm name? A. Murray & Moore.

"Q. Were you acquainted with persons by the name of Brenneman & Line at that time? A. I was.

"Q. What was their business? A. Contractors and builders.

"Q. Did your firm have a contract with Brenneman & Line to furnish lumber to erect a storeroom on lot No. 15 in block No. 34, in the town of Newkirk, Oklahoma? A. We did.

"Q. What was that contract? A. As near as I can remember, they were to furnish lumber and perform the work in constructing a storeroom on said lot, the said building to be, as near as I can remember, 25x40 feet, two stories high; and the contract price was, I think, $2,000, or in the neighborhood. I cannot just now remember the exact sum.

"Q. Did said Brenneman & Line enter upon said con-

tract, and furnish lumber, and erect said building, and complete it? A. They did.

"Q. From whom did they purchase the lumber that entered into the construction of said building? A. From C. A. Schwartz.

"Q. Were the materials purchased from C. A. Schwartz by Brenneman & Line used in the construction of said building? A. I think they were."

The tesitmony of C. A. Schwartz, the lien claimant, is to the same effect upon this point,—that the lumber and materials were purchased from him by Brenneman & Line, the contractors, and used in the construction of the building upon the above-described premises. We think the statement and testimony clearly prove that the lumber and material furnished were actually used in the construction of a building upon the above-described premises. There was no testimony offered by the plaintiff to show that the lumber and materials were not used in the construction of the building upon the lot in question. In *Rice v. Hodge,* 26 Kan. 164, Mr. Justice Brewer, speaking for the court, said:

"While it is undoubtedly true that, in order to sustain a mechanic's lien for materials, is must appear, not only that the materials were purchased to be used in the building, but also that they were in fact so used, yet when it is satisfactorily shown that the materials were sold to be used in such building, that they were delivered to the builder, and that the building was actually built, and when there is testimony showing that some of the materials were actually used in the construction of the building, and there is nothing even raising a supicion that the materials, after having been delivered for that purpose, were used elsewhere by the builder, a finding of the trial court sustaining the lien will not be disturbed, although it was not affirmatively and specifically shown as to each article that it went into the building."

In *Deatherage v. Henderson,* 43 Kan. 684, 23 Pac. 1052, the court said:

"Where materials are furnished and placed in a building, if there be nothing showing a different intention, a jury will be warranted in finding that they were furnished to be used in such building. So, if it appears that materials furnished were used in the erection of the building on which a lien is claimed, unless it is shown that they were intended for another purpose, it will be presumed that they had been contracted for to·be used in the building."

It is contended that the description of the land upon which the building was erected is insufficient, because it does not state in what, if any, town site the land ·was situated. While the lien statement itself is defective on this point, the itemized account which was attached to and made a part of the statement clearly shows that the material was furnished by C. A. Schwartz to Brenneman & Line for Murray & Moore building, on lot No. 15 in block No. 34, Newkirk, Oklahoma Territory. We think this was sufficient to identify the property; that, while the statement itself did not contain "Town of Newkirk," the itemized statement and exhibit which was made a part of the lien statement did state that it was in the town of Newkirk, Oklahoma Territory. Several general rules have been adopted by courts as standards by which the sufficiency of a description is to be tested; but, notwithstanding the general harmony of principle, the results of their application in analogous cases have not always been uniform. Among those laid down, and probably the best rule to be adopted, is that if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of

others, it will be sufficient.    (*Seaton v. Hixon*, 35 Kan. 663, 12 Pac. 22; *McClintock v. Rush*, 63 Pa. St. 203; *Parker v. Bell*, 7 Gray, 429, *Caldwell v. Ashbury*, 29 Ind. 451; *Kansas City Hotel v. Sauer*, 65 Mo. 278.)

In 15 Am. & Eng. Enc. Law, 144, this rule is laid down: "The lien account is sufficient as to the description of the premises sought to be subjected to the lien if it is so specific and definite as to enable one familiar with the locality to identify them.    Certainty, to a common intent, is all that is required in the description of the property on which a mechanic's lien is claimed."

It is claimed by the plaintiff in error that the lien statement was insufficient to give notice to the plaintiff, who is a subsequent mortgagee.    While the description was defective, we think it was sufficient to put a mortgagee upon his inquiry, and, by so doing, he could have ascertained whether or not the mechanic's lien covered this identical property.    However, it appears from the evidence in this case that the mortgage in question was made to the plaintiff in error, as cashier of the Bank of Commerce; that, at the time the mortgage was taken by the bank, one Jamison Vawter was a partner of the plaintiff in error, and had been his partner in said bank for some time prior thereto.    It appears from the testimony in this case that Vawter had actual notice of Schwartz's mechanic's lien upon this property.    It also appears from the testimony of the plaintiff that he made no inquiry whatever at the office of the clerk of the district court of said county to ascertain whether or not the mechanic's lien record showed that a lien had been filed by the defendant in error against said property.    Hence, while we think the mechanic's lien in itself was sufficient notice to the plaintiff in error, there can be no question,

in view of the testimony in this case, that he not only had constructive notice, but actual notice, of the fact that Schwartz had a prior and valid mechanic's lien upon this identical property in question, long prior to the time the mortgage was executed to the plaintiff.

It is also contended by counsel for plaintiff in error that the court erred in permitting the defendant in error to amend his mechanic's lien statement. There is no force in this contention. Section 4531 of our statute provides: "Any lien provided for by this act may be enforced by civil action in the district court of the county in which the land is situated, and such action shall be brought within one year from the time of the filing of said lien with the clerk of said court: provided, that where a promissory note is given, such action may be brought at any time within one year from the maturity of said note. The practice, pleading and proceedings in such action shall conform to the rules prescribed by the Code of Civil Procedure as far as the same may be applicable; and in case of action brought, any lien statement may be amended by leave of court, in furtherance of justice, as pleadings may be in any matter, except as to amount claimed." The supreme court of this Territory, in considering this section, said: "We hold the proper construction of this act to be that a mechanic's lien may be amended in any matter where, for similar reasons, a pleading could be amended, and at any time when a pleading could be amended, and may be done, where the justice of the cause would warrant it, either before or after judgment." (*Telephone Co. v. Jennison*, 5 Okl. 759, 50 Pac. 144.)

It is also claimed by the plaintiff in error that a sub-

contractor's lien cannot be enforced by intervention in a mortgage foreclosure suit. This objection is sufficiently met by section 3908 of our statute, which reads: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settle-ment of the question involved therein." In construing this identical section, the supreme court of Kansas held: "In an action to foreclose a mechanic's lien, all lien-holders and incumbrancers should be made parties, and a lienholder who is not made a party in the first instance is entitled, upon application, to come in at any time be-fore final judgment, and, by answer in the nature of a cross petition, set forth his claim of lien, and ask to have the same foreclosed." (*Johnson v. Keeler*, 46 Kan. 304, 26 Pac. 728.) The decisions of the Kansas courts are espe-cially applicable to the questions involved in this case, because our mechanic's lien law is copied in its entirety from the state of Kansas.

It is contended by the plaintiff in error that Schwartz did not bring his action within one year after the filing of the original mechanic's lien statement, and that the original contractors were not made parties to the action within the time required by the statute. Blanshard, the mortgagee, commenced his foreclosure proceedings on October 12, 1894. Schwartz filed his mechanic's lien statement December 20, 1893. Blanshard, plaintiff in the court below, failed to make the lien claimants parties to the action. On December 17, 1894, Schwartz, defendant in error, obtained leave of the court to intervene in said action. This was within one year from the time he filed his lien statement. It is true, the original contractors

were not made parties defendant to the action until March 13, 1896, at which time leave was granted Schwartz to make them parties to the foreclosure proceedings. We do not think the mortgagee can conplain that the contractors were permitted by the court to be made parties defehdant to the action at this time. It was the duty of the mortgagee, when he brought his original action to foreclose, to make all these parties defendants to the action, and, having failed to do so, the court very properly permitted them to be brought in, at the request of the intervener, Schwartz. In a recent·case, where this question was involved, the supreme court of Kansas held: "That the liens of mechanics and material men may be asserted against the mortgagee after the expiration of one year for foreclosing them against the landowner." (*Thomas v. Hodge*, 58 Kan. 166, 48 Pac. 844.)

We`have carefully examined the record in this case, and can find no substantial error committed by the court below in the trial of this cause. The judgment of the district court is therefore affirmed.

All the Justices concurring.