## KETCHAM v. CUNLIFF et al.

No. 8527—Opinion Filed Feb. 3, 1920.

Rehearing Denied March 26, 1920.

(Syllabus by the Court.)

**1. Mechanics' Liens—Amendment of Statement and Affidavit at Trial.**

A mechanic's lien statement and the affidavit attached thereto, if not fatally defective, may be amended at the trial to conform to the facts.

**2. Same—Limitation of Action—Parties.**

The statute of limitations providing that an action to foreclose on a mechanic's lien must be brought within one year after the date of filing of lien applies to the owner, but other parties can be brought in by amendments thereafter.

**3. Same—Priorities—Homestead Claim of Wife.**

The mechanic's lien which attaches prior to the purchase of the property is superior to the homestead claim of the wife of such purchaser, and it is not necessary to make her a party within the year prescribed for the bringing of the suit against the owner of the property.

**4. Same—Amendment of Lien Statement—Procedure.**

Under section 3873, Rev. Laws 1910, a mechanic's lien statement may be amended in any matter where for similar reasons a pleading could be amended and at any time when a pleading could be amended.

Error from District Court, Muskogee County; R. P. deGraffenreid, Judge.

Action by H. E. Ketcham against Eva W. Cunliff, Benjamin Cunliff, Edwin A. Welty, and William Drake, to foreclose a materialman's lien for lumber furnished and used in the erection of a flat building on certain property located in the city of Muskogee. Judgment for defendants, and plaintiff brings error. Reversed on rehearing.

Joseph C. Stone, Chas. A. Moon, and Francis Stewart, for plaintiff in error.

P. J. Carey, for defendants in error W. A. Drake and Ruth Drake.

W. A. Killey, for defendant in error Edwin A. Welty.

KANE, J. Ketcham sold the Cunliffs material for the construction of an apartment house, and in due time filed his mechanic's lien statement. About the time the building was completed the Cunliffs sold the property to William A. Drake, who moved into one of the apartments, and thereafter treated the property as his homestead. Drake later made a mortgage on the property to Edwin A. Welty. Action was begun in due time after filing the lien statement against all of the defendants except Ruth Drake, the wife of William A. Drake, and she was joined as a party defendant before the trial. At the time Drake purchased the building he knew that Ketcham had furnished the material and took from Cunliff a mortgage on other real estate as security that Cunliff would pay Ketcham's materialman's bill

The issues are stated in the defense relied upon by defendants, which is that the lien statement filed by plaintiff was void because not verified by affidavit and because it did not contain the name of William A. Drake, the owner of the property at the time the statement was filed; that the statute of limitations had run in favor of Ruth Drake and her homestead interest in the property; and that the petition did not allege that the material was used in the construction of the building.

The trial court found generally for the defendants William A. Drake, Ruth Drake, and Edwin A. Welty, and entered judgment accordingly, to reverse which this proceeding in error was commenced.

The lien statement was filed within the time prescribed by law, but contained only the names of the owners of the property at the time the contract was made and building constructed, and the affidavit attached was not in the usual form and was claimed by the defendants to have been fatally defective.

After the filing of the petition, plaintiff, by leave of court, amended his lien statement and affidavit to meet the objections urged. This he could do under section 3873, Rev. Laws 1910, and we hold that the amendments, under the facts in this case, were proper and in furtherance of justice. El Reno Electric Light & Telephone Co. v. Jennison, 5 Okla. 759, 50 Pac. 144; Blanshard v. Schwartz, 7 Okla. 23, 54 Pac. 303, 306; Alberti v. Moore et al., 20 Okla. 78, 85, 93 Pac. 543, 546; Alcorn et al. v. Dennis, 25

Okla. 135, 105 Pac. 1012; Eberle et al. v. Drennan, 40 Okla. 59, 136 Pac. 162.

The one-year statute of limitations providing that an action to foreclose a mechanic's lien must be brought within one year after filing the lien applies to the owner, and other parties can be brought in by amendment thereafter at any time before the trial. Blanshard v. Schwartz, supra; Eberle et al. v. Drennan, supra; Thomas v. Hoge, 58 Kan. 166, 48 Pac. 844; Western Sash & Door Co. v. Heiman et al., 65 Kan. 5, 68 Pac. 1080.

Moreover, the mechanic's lien having attached prior to the purchase of the property by her husband, it was prior and becomes superior to the homestead claim of Ruth Drake, and it was not necessary that she be made a party within the year prescribed for the bringing of the suit by the lien claimant. Blanshard v. Schwartz, supra; Waples on Homestead Exemption, p. 377; Edwards v. Kearsey, 96 U. S. 595, 24 L. Ed. 793.

The final contention of the defendants that the petition did not allege that the material was used in the construction of the building falls if plaintiff is permitted to amend his petition to conform to the proof. There is no contention that the material sued for was not used in the construction of the building, but only that the petition failed to allege that it was so used and that it could not be so amended at the trial as to allege this fact. The evidence shows that the plaintiff furnished the material for the construction of the building; that he had not received payment in full therefor; that both Drake, the subsequent purchaser, and Welty, the subsequent mortgagee, had actual notice and personal knowledge that plaintiff had a claim for material furnished in the construction of the building.

Under section 3873, a mechanic's lien may be amended in any matter where for similar reasons a pleading could be amended, and at any time when a pleading could be amended, and this may be done either before or after judgment. El Reno Electric Light & Telephone Co. v. Jenison, supra; Blanshard v. Schwartz, supra.

The lien as amended by leave of the court, though over defendant's objections, is sufficient to cure the defects complained of by defendants, and such amendments were in the interest of justice.

For the reasons stated, the case is reversed.

OWEN, C. J., and JOHNSON, PITCHFORD, McNEILL, and HIGGINS, JJ., concur.