### PRICE et al., Adm'rs v. PRESTON.

No. 14744—Opinion Filed Sept. 30, 1924.

**1. Pleading—Verified Account—Answer—Unverified General Denial.**

Under section 287, Comp. Stat. 1921, allegations of the correctness of an account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney. Held, that in the instant case the unverified general denial presents no defense against the verified petition to which is attached a duly verified account.

**2. Appeal and Error—Review—Necessity for Exceptions.**

Errors alleged to have occurred in the lower court, unless the same are excepted to, will not be considered on appeal in the Supreme Court.

**3. Mechanics' Liens—Amendment of Lien Statement.**

In an action to enforce a statutory lien, under section 7478, Comp. Stat. 1921, the practice, pleading, and proceedings shall conform to the rules prescribed by the Code of Civil Procedure as far as the same may be applicable, and any lien statement may

be amended by leave of court in furtherance of justice as pleadings may be in any matter, except as to the amount claimed. Held, amendment in the instant case was properly allowed.

**4. Same—Time for Filing Statement—Immaterial Errors.**

It is not material that a mechanic's lien statement incorrectly state the date of the first or last item, or both, if no one is thereby misled to his prejudice, and the statement is filed in the clerk's office within 120 days after the true date of the last item.

**5. New Trial—Absence of Attorney—Motion Properly Denied.**

The question of the overruling of a motion for new trial, based upon the grounds of the absence of one of the attorneys for the losing parties on account of unavoidable casualty and misfortune, which prevented them from defending in the action, depends upon the facts and circumstances as presented by the record in each individual case, and on examination of the entire record in the instant case, it is held that no prejudicial error was committed by the trial court in overruling the motion.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okmulgee County; C. C. Smith, Assigned Judge.

Action by Harry D. Preston against J. A. Price and James T. Pancoast, as administrators of the estate of L. S. Skelton, deceased, for the recovery of the sum of $8,855. interest and attorney fees. Judgment for plaintiff. Defendants bring error. Affirmed.

William M. Matthews, for plaintiff in error.

Geo. C. Beidleman, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Okmulgee county, Okla., by Harry D. Preston, defendant in error, plaintiff below, against J. A. Price and James T. Pancoast, as administrators of the estate of L. S. Skelton, deceased, plaintiffs in error, defendants below, for the recovery of the sum of $8,855, claimed to be due upon a contract to drill an oil well for the deceased, and interest at six per cent. per annum from the 20th day of February, 1921, and $500 attorneys fees, and claiming a mechanic's lien upon the property and equipment located at the well upon the lands upon which said well was drilled, and for the sale of said property, under said lien.

The parties will be referred to as plaintiff and defendants as they appeared in the lower court.

The petition of plaintiff, among other things, alleged that the defendants were the administrators of the estate of L. S. Skelton, deceased, and had under their control 40 acres, covered by an oil and gas lease, upon which the plaintiff drilled a well for the deceased in his lifetime under a contract to pay plaintiff the sum of $8,855 upon the completion of the well, that the plaintiff furnished the material and performed the labor in accordance with the contract, and that no part of the contract price had been paid him.

The original petition recited that the labor performed was on the 10th day of February, 1921, and that on the 16th day of June, 1921, plaintiff filed a verified statement in the office of the clerk of the district court of Okmulgee county, showing the amount due from the estate of L. S. Skelton, and there was attached to his petition a copy of mechanic's lien and account, which showed that the last material was furnished and labor performed on the well on February 10, 1921.

The plaintiff filed an amended petition, without objection and exception by defendants, under proper order of court first had and obtained, setting forth in the petition and also in the account and lien claim attached thereto that the last material was furnished and the last labor performed on the 20th day of February, 1921. The amended petition was verified by the plaintiff and the duly verified account was attached to said petition as an exhibit, together with the copy of the lien claim as amended. Plaintiff further alleged that he had filed his claim with the defendant administrators, as required by law, which had been duly allowed by them and by the judge of the county court of Okmulgee county, the court having jurisdiction of the settlement of the estate of the said L. S. Skelton, deceased.

To the petition of plaintiff the defendants filed an unverified general denial as their answer, and on the 7th day of April, 1923, the cause came on for trial, the plaintiff being present in person and by his attorneys and the defendants not being present, but their attorney, Joseph J. Rosenbloom, appeared, but declined to take part in the trial of said cause. The defendants were then called to the bar of the court and called upon to appear and defend, but came not and made default, and the court thereupon rendered judgment by default against the defendants for the amount of plaintiff's claim, with interest thereon at six per cent. per annum from the 20th day of February, 1922,

as allowed by the administrators and the county court of Okmulgee county, the sum of $250 attorney fees, and for the foreclosure of plaintiff's lien upon the property covered by said lien. A motion for new trial was filed by the defendants in due time, setting forth, among other things, accident and surprise which ordinary prudence could not have guarded against, and there was attached to said motion an affidavit of Joseph J. Rosenbloom, attorney for defendants, and James T. Pancoast, one of the defendants, setting forth in said affidavits that defendants were taken by surprise, that said cause had been set down for trial on the 7th day of April, 1923, and that they were not aware of said setting until the morning of the said 7th day of April, 1923, being the date upon which said default was rendered in this cause, that William M. Matthews, of Kansas City, Mo., was the attorney in said cause, and that on the ——day of March, 1923, said Matthews wrote to the said Joseph J. Rosenbloom to ascertain the date the cause was set for trial, and that the said Rosenbloom examined the records in the clerk's office on the 21st day of March, 1923, and ascertained from the clerk, or one of his deputies, that the cause had not been set for trial, and that the said Rosenbloom notified the said William M. Matthews that the cause had not been set for trial, and that the defendants, relying upon said information, made no effort to prepare for trial, and were not aware that said cause was to be heard until the morning of said seventh day of April, 1923. Motion for new trial was heard and overruled, and defendants reserved exceptions, and the cause comes to this court upon appeal from said judgment of the trial court for review.

The attorney for defendants set up eight assignments of error, but contents himself with arguing the same under the following three heads:

"1. It is the policy of the law to have every litigated case tried on its merits, and default judgments are viewed with disfavor. Where timely application is made and the defendant has a meritorious defense, the court will set aside a default judgment.

"2. Through unavoidable casualty and misfortune defendants were prevented from defending this action.

"3. Where a mechanic's lien as filed is fatally defective an amendment will not be permitted, after the expiration of the time allowed for filling the same, as such amendment would, in such a case, operate as the filling of a new mechanic's lien."

We have examined the record in this case,

and we find that Joseph J. Rosenbloom prepared and filed the answer in this case for the defendants, and was present in court on the date the cause was called for trial, and refused to participate in said trial. There is nothing in the record to show he was not qualified and able to defend the interests of the clients for whom he acted in preparing and filing the answer. It is also disclosed by the affidavit of Pancoast that he was advised that the case was set for trial on the morning that it was set for trial, and that the main reason for not proceeding to trial was that attorney William M. Matthews, of Kansas City, Mo., was not present, and had been advised that it would not be called for trial on that date by letter from Joseph J. Rosenbloom, who obtained this information by examination of the record and by advice from the court clerk, or his deputy, and on this account the defendants claim that they were prevented from defending the cause and presenting their defense to the court.

Upon examination of the pleadings we find that this action was brought upon a verified account, and that the petition was duly verified, and the defense thereto was an unverified general denial, and, therefore, there was not, and could not have been, any legal defense upon this state of the pleadings to the main action for the debt, for under section 287, Comp. Stat. 1921, it is provided:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

It further appears from the pleadings that this account had been presented and approved by the administrators for payment, and had been presented to the county court having jurisdiction of the settlement of the estate and had been by him approved, and the only question that could possibly have been litigated was the question of the lien claimed by the plaintiff in this action.

Upon a further examination of the record we find that this lien claim was filed with the clerk on the 16th day of June, 1921, and within 120 days from the time that the last work was performed and the material furnished as shown by the amendment to the same, which was allowed upon the application of the plaintiff to the trial court under a proper order of the court, which was not objected to nor was there any exception reserved by the defendants to said order. This court has repeatedly held that:

"Errors alleged to have occurred in the lower court, unless the same are excepted to, will not be considered on appeal in the Supreme Court." Security Benefit Association v. Lloyd et al., 97 Okla. 39, 222 Pac. 544; New et al. v. Elliott, 88 Okla. 126, 211 Pac. 1025; Elsea Bros. v. Killian, 38 Okla. 174, 132 Pac. 586.

It is our opinion, in the absence of exception, that the matter is not properly presented on appeal to this court; and, even if it were properly before this court, we are of the opinion that section 7478, Comp. Stat. 1921, clearly provides for such an amendment as the one presented here. Said section reads as follows:

"Any lien provided for by this chapter may be enforced by civil action in the district court of the county in which the land is situated, and such action shall be brought within one year from the time of the filing of said lien with the clerk of said court: Provided, that where a promissory note is given such action may be brought at any time within one year from the maturity of said note. The practice, pleading and proceedings in such action shall conform to the rules prescribed by the Code of Civil Procedure as far as the same may be applicable; and in case of action brought, any lien statement may be amended by leave of court in furtherance of justice as pleadings may be in any matter, except as to the amount claimed."

The Territorial Supreme Court, in the case of El Reno Electric Light & Telephone Co. v. Jennison, 5 Okla. 759, 50 Pac. 144, in construing the above statute, has settled this question once and for all, and this court, without exception, has adhered to the rule laid down in the above mentioned case in a long line of decisions, which are as follows: Blanchard v. Schwartz, 7 Okla. 23, 54 Pac. 306; Fulkerson v. Kilgore, 10 Okla. 655, 64 Pac. 5; Ryndak v. Seawell, 13 Okla. 737, 76 Pac. 170; Alberti v. Moore et al., 20 Okla. 78, 93 Pac. 543; Alcorn et al. v. Dennis 25 Okla. 135, 105 Pac. 1012; Parker v. Walker et al., 48 Okla. 705, 150 Pac. 690; Ketcham v. Cunliff et al., 77 Okla. 287, 187 Pac. 1095; Kingfisher Mill & Elevator Co. v. Westbrook et al., 79 Okla. 188, 192 Pac. 209; Hudson Houston Lbr. Co. v. Parks et al., 91 Okla. 46, 215 Pac. 1072.

The amendment in this case was permitted in furtherance of justice and to make the lien statement speak the truth, and as said in the statute, above quoted, any amendment may be permitted "except as to amount claimed." No one was misled by a mistake in the date and no one's right were prejudiced. The case of Coughlan v. Longini et al., 77 Minn. 514, 80 N. W. 695, has decided this question against the contention of the defendants, in which the court said:

"It is not material that a mechanic's lien statement incorrectly states the date of the first or last item, or both, if no one is thereby misled to his prejudice, and the statement is filed in the register's office within 90 days after the true date of the last item."

We are, therefore, of the opinion that the trial court did not abuse his discretion in overruling the motion for new trial upon the grounds of absence of counsel, that no proper defense was offered by the pleadings on the main issue, that the amendment allowed by the court was proper under the statute and authorities heretofore cited in this opinion, and that the judgment of the trial court was the only judgment that could have been rendered in the cause, and that the defendants were not deprived of any substantial right on account of the failure of the non-resident attorney having notice of the trial or having been absent, as the record attorney of the defendants was in court and refused to participate. We are, therefore, of the opinion that the judgment of the lower court should be and is hereby affirmed.

The attorney for the plaintiff asks for judgment upon the supersedas bond. Upon examination of the record we find that a supersedeas bond was filed by the defendants in this cause in the sum of $10,000, and that judgment was stayed pending this appeal, and upon the request of attorney for plaintiff, it is the judgment of the court that plaintiff should have and recover of and from the defendants, as administrators of L. S. Skelton, deceased, principals, and J. A. Price and James T. Pancoast, as sureties, the sum of $8,855, with interest at six per cent. from the 20th day of February, 1921, and the sum of $250 attorney fees, and the costs of this action.

By the Court: It is so ordered.