## P. J. LOONIE v. A. B. FRANK ET AL.

1. SUB-CONTRACTOR.—Under the act of August 7, 1876, (Laws 15th Leg., 91,) a sub-contractor had the right to deliver to the owner of property being improved an attested account of the amount due him from the principal contractor, and thus fix a personal liability from the owner to him for the amount of his account, provided it did not exceed the amount due from the owner to the principal contractor.
2. MECHANIC'S LIEN.—Such sub-contractor, under said act, was not entitled to a mechanic's lien on the property improved.
3. PLEADING—EVIDENCE.—In a suit against the owner of property by a sub-contractor for its improvement, evidence that the owner expressly promised to reserve the amount of the sub-contractor's claim in his settlement with the original contractor, cannot be admitted in the absence of an allegation in the pleading presenting that issue.

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

The opinion states all the facts necessary for it to be properly understood. The record is voluminous, and able briefs were filed by counsel. Eighteen assignments of error were made by appellant, notice and argument on which are omitted, in view of the decision.

*J. H. McLeary,* for appellant. — The plaintiff had a right under the law, first, to a personal judgment against Hyatt & Hinman, which he recovered; secondly, to a judgment *in rem,* foreclosing his lien on the property, lot and buildings, for work performed and material furnished; thirdly, to a judgment *in personam* against Goldfrank and Frank, to the amount of his claim against Hyatt & Hinman, to be satisfied by them out of the funds of Hyatt & Hinman in their hands; and fourthly, to a judgment against all parties defendant for costs. (Const., art. 16, sec. 37; Laws of 1876, 15th Leg., chap. 81, pp. 91, 92, 93; Const. 1870, art. 12, sec. 47; Laws of 1871, 2d sess., 12th Leg., pp. 28, 29; Waldroff *v.* Scott, 46 Tex., 1–6; Gaylord *v.* Loughridge, 50 Tex., 573; Davis *v.*

Livingston, 29 Cal., 283; Derrickson *v.* Nagle, 2 Phila., 120; Phillips on Liens, secs. 57, 58, 61, 62, 251, 253, 256, 305–307, 311, 312.)

*Wœlder & Upson,* for appellees.

BONNER, ASSOCIATE JUSTICE. — The plaintiff in this case, P. J. Loonie, as sub-contractor of Hyatt & Hinman, principal contractors, sues them for an alleged amount due from them for materials furnished and for work and labor performed in the erection of certain buildings in the city of San Antonio, on lots belonging to A. B. Frank and M. Goldfrank, and sues the said Frank and Goldfrank, but with whom he had no contract, for a personal judgment for said amount, and to enforce the mechanic's lien therefor on said lots and buildings.

The written contract between the principal contractors and the owners has this express stipulation : " That in case of any unusual or unnecessary delay or inability by the contractors in providing and delivering the necessary materials and performing the necessary labor at the time the same is required, so as to insure the completion and delivery of the building or work at the time set forth and contracted, (first day of February, 1878,) then and in such case the superintendent, within four days after having notified the contractors in writing of his intention to do so, shall have the right to enter upon the premises and procure such necessary materials or labor to be furnished or performed as the case may require, and remove from the same all defective materials or workmanship as in the judgment of the superintendent may be found necessary, and carry on the work to completion in such way as shall be proper and right, charging the cost thereof to the contractor, and deducting such charges from the amount of the contract price."

The testimony shows that, after the buildings had been partially completed, Hyatt & Hinman, the principal contractors,

failed, and that under the above provisions the buildings were completed at the cost of Frank and Goldfrank, and which exceeded in amount, by several thousand dollars, the original contract price.

About the time the principal contractors, Hyatt & Hinman, failed and suspended work, the plaintiff filed an attested account of the amount due him by Hyatt & Hinman, with a bill of particulars and description of the property, in the proper office, and had copy of the same served on Hyatt & Hinman and Frank and Goldfrank.

On the trial below, judgment was rendered in favor of plaintiff as against Hyatt & Hinman, and against the plaintiff as to Frank and Goldfrank. From so much of the judgment as was against plaintiff he prosecutes this appeal.

The two material questions presented for our determination are—

First. Was the plaintiff, by the Constitution and mechanic's lien act of 1876, under the evidence, entitled to a personal judgment against the property owners, Frank and Goldfrank?

Second. Was he entitled to a mechanic's lien on the property?

1. Under the act of August 7, 1876, (Laws 15th Leg., 91,) the plaintiff, as sub-contractor, had the right to deliver to the property owners an attested account of the amount due him by the principal contractors, and thereby fix the liability of the owners to him for the amount, not, however, to exceed that then due by the owners to the principal contractors. But as, under the evidence, upon the completion of the buildings under the terms of their contract, there was, in fact, nothing justly due Hyatt & Hinman by Frank and Goldfrank, the plaintiff was not entitled to a judgment against them.

2. Neither was the plaintiff entitled to a mechanic's lien on the property, under the decision of this court in the cases of Shields *v.* Morrow, *ante*, 365, and Horan *v.* Frank, *ante*, 373, decided at the present term.

The plaintiff also complains that the court erred in refusing to submit the issue of an express promise on the part of Frank to reserve the amount of plaintiff's claim, as requested by the seventh instruction asked by plaintiff.

There was no allegation in the pleadings of plaintiff which presented this issue, and the court did not err in refusing the special charge asked.

There being, in our opinion, no error apparent of record, the judgment below is affirmed.

AFFIRMED.