## A. Sens v. William Trentune.

(Case No. 1029.)

1. Judgment — Mechanic's lien.— See statement and opinion for a case in which there was no such privity between the owner of property improved, and sub-contractors, as to authorize a personal judgment in favor of the latter against the former.

2. Contractor's lien.— To entitle one who performs labor for a contractor to the benefit of a lien, he must give notice of his claim in some way to the owner of the property before he has paid the contractor in full for the building or improvements which the contractor is employed to construct. A petition in such case which fails to allege this is bad.

Appeal from Harris. Tried below before the Hon. James Masterson.

William House brought suit March 19, 1878, against Andrew Sens, and by amendment made Ernest Hernze,

William Hernze and John W. Trentune parties defendant. He alleged that in November and December, 1879, under a verbal contract with Trentune, a sub-contractor under Ernest Hernze and William Hernze, the original contractors for building a house, he furnished work and labor in its erection by hauling brick, and filed his bill of particulars with his petition; that $27.75 is still due thereon; that a payment being refused by Trentune, he demanded it from the other defendants; that on the 28th of February, 1878, he delivered Sens, who was then and still is the owner of the building, an attested account of the amount and value of the labor furnished; and another copy to the clerk of the county court on the 18th day of March, 1878, made under oath, to be filed and recorded, which was done; that another copy " was furnished to the party owing the debt; " that the building was erected on a lot which was known as lot 2, in block 18, in the city of Houston; that the bill of particulars filed was accompanied with a description of the lot on which the building was erected for the purpose of securing a mechanic's lien; and judgment was prayed for the debt and foreclosure of the lien claimed.

*F. A. Shaefer,* for appellant.

MOORE, CHIEF JUSTICE.— The appellant, Sens, employed Ernest and William Hernze to construct for him a building on a lot in the city of Houston. These latter parties engaged John W. Trentune to furnish material and do the masonry work. And he employed appellee, House, to haul twenty-seven loads of brick to the building; which appellee alleges were used in its construction. For the work and labor of appellee in and about this employment, which was of the value of $27.75, he brought suit in the district court of Harris county against all of said parties, claiming a personal judgment for his debt and for foreclosure of mechanic's lien, etc.

We deem it unnecessary to notice the various interesting questions which are ruled upon by the court below in the progress of the case from its first inception to the final judgment. It has been fully settled by former decisions of this court, that there is no warrant or foundation for this judgment against appellant, on the facts alleged by appellee, either personally or for foreclosure of mechanic's lien. Certainly there was no privity on the part of appellant to the contract between appellee and Trentune to warrant the personal judgment. And to entitle appellee, as laborer, to the benefit of the contractor's lien, he must have fixed his lien, or at least have given notice of his claim in some way to the owner of the property, before he had paid the contractor in full for the building or improvement which the contractor was employed to construct. This is neither alleged or claimed in the petition to have been the fact. Shields *v.* Marrow, 51 Tex., 396; Horan *v.* Frank, 51 Tex., 401; Loonie *v.* Frank, 51 Tex., 406; Poole *v.* Sanford, 52 Tex., 621.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 18, 1881.]