VREELAND v. ELLSWORTH ET AL.

1. **Supreme Court:** JURISDICTION: LESS THAN $100. In appeals involving less than $100, this court has no jurisdiction to determine any question not properly certified by the trial judge.

2. **Parties to Actions:** WHO ARE NOT. Persons whose names are inserted as parties defendant in a petition, but who are not served with notice and do not appear, are not parties to the action.

3. **Mechanic's Lien:** ENFORCEMENT BY SUBCONTRACTOR: NECESSARY PARTIES. A subcontractor who holds an open, unliquidated and unsettled account against the principal contractor cannot bring his action against the owner of the building or improvement, and establish a mechanic's lien on the property, without adjudicating the claim, or attempting to adjudicate it in any way, against the principal contractor, who is the person principally liable on the account.

4. ———: SUBCONTRACTOR: ESTOPPEL. A subcontractor who stands by in silence and sees the owner of a building pay the principal contractor in full, is estopped from afterwards claiming a mechanic's lien on the property.

5. **Practice in Supreme Court:** LESS THAN $100: INSUFFICIENT CERTIFICATE. In an appeal involving less than $100, this court cannot declare the law upon the facts of the case, where the necessary facts are not all found and certified by the trial court.

*Appeal from Dickinson District Court.*

MONDAY, MARCH 14.

THIS is an action in equity to establish and enforce a mechanic's lien. There was a judgment and decree for the plaintiff. Defendant appeals.

*J. W. Cory*, for appellant.

*Rice & Gridley*, for appellee.

ROTHROCK, J.—I. The amount claimed by plaintiff is less than $100, and the appeal comes to us upon the following certificate of the trial judge:

"(1) Upon the trial of this case, the evidence shows that the defendant E. S. Ellsworth employed his co-defendant, E.

G. Hammond, to do certain mason work upon the house named in the plaintiff's petition, and that under this agreement he was to pay the contractor as the work progressed; that the contractor, Hammond, employed the plaintiff, L. W. Vreeland, L. J. Vreeland and Abraham Hartman, as subcontractors, to perform certain portions of the work. These subcontractors commenced their work on the sixth day of August, 1883, and continued to the eleventh of the same month, on which day they completed their work. The defendant Ellsworth saw these subcontractors performing work upon this job during the time that they were performing the same, but had no other knowledge that the contractor, Hammond, was owing them anything for the work than what would be inferred from his knowledge of their doing the work. On the day on which the work was completed by the subcontractors there was a settlement between Hammond and Ellsworth, and at that time the defendant Ellsworth paid the contractor for all the work that had been done up to that date, but withheld the sum of ten dollars, which was still required to complete the job. At the time of this settlement and payment to Hammond, there was enough money in Ellsworth's possession due upon the contract to pay the several claims of the subcontractors. On the fourteenth day of August, A. D. 1883, these subcontractors personally notified Ellsworth of their claims, and afterwards Ellsworth procured another party to complete the contract of Hammond, and paid him therefor. Statements and affidavits for the mechanic's liens were filed by the several subcontractors in the clerk's office on the thirty-first day of August, A. D. 1883.

"(2) Can a subcontractor obtain a decree foreclosing a mechanic's lien against land and buildings before such subcontractor obtains a judgment against the original contractor for claims against the contractor for work upon said land and buildings, and in a suit where said original contractor is a party, but no notice of suit served upon him, and no

appearance made by him? Upon the foregoing statements of facts, is the defendant Ellsworth liable to the subcontractors in this case?"

Several questions are argued by counsel which do not arise

**1. SUPREME court: jurisdiction: less than $100.** upon the above certificate. This court has no jurisdiction to determine any questions excepting those propounded by the trial court.

The first point arising upon the above certificate is found in the question numbered 2. It appears therefrom that

**2. PARTIES to action: who are not.** Hammond, the principal contractor, was not made a party to the action. It is true, it is stated that he was a party, but this merely means that he was named in the petition as a party, because it appears from the same question that there was " no notice of suit served upon him, and no appearance made by him." Inserting his name in the petition did not make him a party. We have, then, the question whether a subcontractor, who holds an open, unliquidated and unsettled account against the princi-

**3. MECHANIC'S lien: enforcement by subcontractor: necessary parties.** pal contractor, may bring his action against the owner of the building or improvement, and establish a mechanic's lien upon the property, without adjudicating the claim, or attempting to adjudicate it in any way, against the contractor, who is the person principally liable upon the account. We think this question must be answered in the negative. If the claim were liquidated, it may be that the principal contractor would not be a necessary party. But that question we need not determine. This is an open, unliquidated account,—a mere charge against the contractor. The burden of ascertaining whether there is any defense to the action ought not to be put upon the owner of the property. He is not presumed to have any knowledge upon the subject. Further than this, if the subcontractor establishes his lien against the property, and the owner is compelled to pay it, he has recourse on the principal contractor. He ought to be furnished with an adjudicated claim, and not with a mere open

account. The record in this case shows that there was a defect of parties, but that a personal judgment was actually rendered against Ellsworth, the owner of the building. There was no warrant for such a judgment. It may have been thought that it was necessary to adjudicate the claim as against some one, and, as Ellsworth was the only defendant, a judgment was rendered against him.

II. In interrogatory numbered 2, we are asked to determine whether Ellsworth is liable upon the statement of facts preceding the interrogatories. The statement of facts is not complete. An important question in the case was, whether the subcontractors were present at the settlement, and knew that Ellsworth paid Hammond in full, and made no objection to such payment. If they stood by, and by their silence permitted Ellsworth to make full payment, the law of estoppel would compel them to ever after remain silent as to any claim for a lien. Their silence was equivalent to saying to Ellsworth that they had no claim for a lien, and if any one of them was present, and made no sign, his right to a lien would be lost. If we must be required to determine the law upon a given state of ultimate facts, all of the necessary facts should be found by the trial court. It is impossible to determine from the facts, as recited, whether the court found that the subcontractors were present, and by their silence acquiesced in the settlement and payment, or were not present. For anything that appears, they may or may not have been present.

4. ——: subcontractor: estoppel.

5. PRACTICE in supreme court: less than $100: insufficient certificate.

For the error in determining the cause without a necessary party defendant, judgment and decree will be

REVERSED.