IOWA LUMBER COMPANY, Appellant, v. GEORGE BEST *et al.*

**Appeal:** UNDENIED ABSTRACT. A statement in the testimony of a defendant that he was not served with notice of suit, will not overcome an undenied statement to the contrary in the abstract of record.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

MONDAY, JANUARY 30, 1899.

THE defendant Best entered into a written contract to construct for defendant Dooley a building on a certain lot in Iowa City. The contract was made July 5, 1894, and August 9, 1894, the parties made another written contract, for extra work on the same building. Best purchased of the plaintiff company materials used in the construction of the building to the value of five hundred and thirty-two dollars and eighty-five cents, the last item of which was furnished October 16, 1894. On the seventh day of January, 1895, plaintiff filed an affidavit claiming a mechanic's lien, and later served notice of the filing of the same. This action is to establish and enforce a mechanic's lien for the value of the material furnished, and the petition shows that at the time of the service of notice of filing the affidavit there was due Best from Dooley the sum of nine hundred and eighty-one dollars and thirteen cents. The answer of Dooley denies any indebtedness to Best, and shows that, according to the terms of the contract, as the work progressed, and as demanded by Best, he paid to him the sum of three thousand six hundred and seventy dollars, and that he paid to others, at the request of Best, and for the completion of the building, in certain particulars in which Best neglected to do so, a sum which, with five hundred dollars as damages sustained

by reason of a refusal by Best to erect a wall, amounts to a total of credits and damages of one thousand three hundred and thirteen dollars and fifteen cents, besides the sum of three thousand six hundred and seventy dollars paid to Best, because of which there is nothing due Best. The district court gave plaintiff a judgment against the property for forty-six dollars and sixty-eight cents, and the plaintiff appealed.—*Modified* and *affirmed*.

*Remley, Ney & Remley* for appellant.

*Ranck & Bradley* for appellees.

GRANGER, J.—Some legal questions are discussed that we do not find it necessary to consider. The notice of the filing of the statement for the lien was served January 21, 1895, and there is no dispute but that the lien should attach for any amount due from Dooley to Best at that time. The district court must have found the amount then due to be forty-six dollars and sixty-eight cents, the amount of the judgment entered. The accounting is complicated, and in some respects difficult, but we are well satisfied that the judgment is for too small an amount. Some of the items should never have been made a charge against Best, and the accounting is in other respects erroneous. After allowing in Dooley's favor every item about which there is room for serious doubt, there is due Best over seven hundred dollars. It is not important to determine the precise amount. It is surely in excess of plaintiff's claim.

It is thought by appellee that that action cannot be maintained, because plaintiff's claim against Best is an open, unliquidated, unsettled account, so as to come within the rule of *Vreeland v. Ellsworth*, 71 Iowa, 347. The record does not support the claim. It is said that, while Best is named as a party in the pleadings, he was not served with notice. The abstract contains the statement that on May

23, 1896, a default against George Best having been previously entered, judgment was entered in favor of plaintiff against George Best for the sum of five hundred and seventy-one dollars and twenty cents. The abstract is not questioned by a denial, and the record is conclusive of the fact. It is true that in the testimony of Best he says that he was not served with notice in this case. Such a statement will not overcome a statement in the abstract admitted because not denied. There should be a judgment for plaintiff for the amount of its claim. MODIFIED and AFFIRMED.