## ALBERTI v. MOORE *et al.*

No. 1004, Okla. T.   Opinion Filed January 21, 1908.

(93 Pac. 543.)

1.   **MECHANICS' LIENS—Foreclosure—Amendment of Statement.** Where, in an action, foreclosing a subcontractor's or materialman's lien, in which the original statement filed inaccurately states the name of the party sought to be charged, and erroneously describes the property intended to be subjected to the lien, the court in the exercise of its discretion, and in the furtherance of justice, may allow such lien claimant to file an amended statement, and foreclose the same.

2.   **SAME—Personal Judgment.** A subcontractor, materialman or workman, between whom and the owner there is no privity of contract, and in whose favor no direct liability has been imposed upon the owner, is not entitled to a personal judgment against the owner.   The judgment rendered should be a personal one

against the original contractor, and a decree establishing a lien and ordering the sale of the real estate or other property, as in other cases of sales of real estate.

3. **SAME—Parties—Jurisdiction.** An employe of a subcontractor or materialman, who filed a lien against the property improved, and who in a suit brought by his principal to foreclose his own lien is made a party, but is not served with process, files no pleading, and makes no appearance either personally or by counsel, is not in court, and the court has no such jurisdiction as will warrant it in awarding a judgment in his favor.

4. **SAME—Rights of Landowner—Judgment Over Against Contractor.** The owner of a lot, who makes an agreement with a firm of contractors to construct a building thereon for a specific sum, and who under the terms of the contract pays them therefor within sixty days of the time when the last material is furnished, and whose property is, in a suit, subjected to a subcontractor's or materialman's lien, is entitled, in the same action, to recover a judgment against the contractors for the full amount of the judgment, interest, and costs, recovered by such subcontractor or materialman, and established as a lien against his property.

(Syllabus by the Court.)

*Error from District Court, Kay County; before Bayard T. Hainer, Judge.*

Action by O. H. P. Moore and others against George Alberti to foreclose mechanics' lien. Judgment for plaintiffs, and defendant brings error. Modified.

This is an action brought in the district court of Kay County, Okla. T., for the purpose of foreclosing a mechanics' lien on lot 13, in block 33, in the town of Newkirk, Okla., property of George Alberti, plaintiff in error. The material facts out of which this controversy grows are as follows:

August 1, 1898, George Alberti entered into a written contract with John H. Pierce and Jesse Thomas, under which they agreed to build on the said lot a stone building, contractors therein furnishing all materials, and to construct it for a stipulated price. Under this agreement the structure was erected, and the price agreed upon, with the exception of $27.81, was paid by Alberti to Pierce and Thomas.

Thereafter, and on September 27, 1898, there was filed in the

Alberti v. Moore, *et al.*

office of the clerk of the district court of Kay County a mechanics' lien statement, wherein Joseph Alberti was charged as debtor to O. H. P. Moore and J. H. Helms, partners, for materials furnished in erecting a two story building on lot 13, block 15, town of Newkirk, Kay county, Okla. T., from August 15, 1898, to September 20, 1898, consisting of the balance due on 84 cords and 49 feet of stone at $3.65 per cord, $274.80. Notice of this lien seems to have been served upon George Alberti, plaintiff in error, on September 27, 1898.

On October 3, 1898, there was filed in said office a mechanics' lien of Jesse Anderson, in which was claimed the sum of $80.40 against lot 13, block 33, town of Newkirk, Okla, T. No notice of this lien appears to have been served, and in the subsequent proceedings Anderson filed no pleading, nor did he appear in court either in person or by attorney.

On the 13th day of February, 1899, O. H. P. Moore and J. H. Helms, as partners, filed their petition against Joseph Alberti, defendant, pleading the contract between Alberti and Price and Thomas for the construction of the building, praying for judgment against the defendant for the sum of $274.80, with interest thereon at the rate of 7 per cent. per annum from September 20, 1898, and for the foreclosure of their mechanics' lien above mentioned. Summons was issued to *Joseph* Alberti, and served upon *George* Alberti who entered his appearance, and filed as answer a general denial, and the case came on for trial on the 30th day of March, 1899. Parties, plaintiff and defendant, introduced their evidence  and rested, whereupon the court ordered that all lien claimants and contractors interested in the subject matter of this action should be made parties defendant. Whereupon plaintiffs asked leave to amend their petition and to file an amended statement of their lien claim, which was granted, and to which the defendant excepted.

On April 10, 1899, the plaintiffs virtually began a new action, but entitled their pleading filed an amended petition, in which

there was made defendants George Alberti, John H. Pierce, Jesse Thomas, and Jesse W. Aldridge. In this petition it was pleaded that plaintiff Moore had succeeded to all the interest of the partnership of Moore and Helms in the contract for stone used in the construction of the stone building; that the defendants George Alberti, John Pierce, and Jesse Thomas had agreed to pay said plaintiff the sum of $3.65 per cord for the stone furnished; that there was then due and owing from the defendants Alberti, Pierce, and Thomas to plaintiff a balance of $274.80, for which, against all of them, he asked judgment. Moore also, in accordance with the rule of the court, filed an amended lien statement, and prayed that the lien be foreclosed against the premises involved. Summons was issued and served on all the defendants except Aldridge.

John Pierce filed separate answer, setting up the contract for the erection of the building, and alleging that he and the defendant Jesse Thomas had a verbal agreement by which said Thomas agreed to furnish the stone for $3.65 per cord, and that he had been fully paid for the same, and that Thomas had no other or further interest in the contract. He then denied all the other allegations in plaintiff's petition, and asked to be discharged, with costs.

George Alberti filed his answer alleging that he was the owner of lot 13, in block 33, in the town of Newkirk, Kay county, Okla. T., and that the only contract he entered into regarding the construction of the building on said lot was by and between himself, John Pierce, and Jesse Thomas, and that under the terms of said contract, the said Pierce and Thomas were to furnish all materials required for the consideraton of $726, all of which sum had been paid with the exception of $27.81, which was paid into court for the use and benefit of the party entitled thereto, and praying that in the event judgment be rendered against his property that he recover judgment against John H. Pierce and Jesse Thomas for the amount thereof, with his costs.

Jesse Thomas for his answer admitted the signing of the con-

Vol. 20—6

tract, but denied that he was in any way indebted to defendant George Alberti.

Upon the issues thus framed, a jury being waived, the cause came on for hearing on September 9, 1899, before the court, who, after hearing all of the evidence, rendered a judgment in favor of plaintiff O. H. P. Moore, and against the defendant George Alberti, for the sum of $193, and his costs, and a judgment in favor of Jesse W. Aldridge and against George Alberti in the sum of $80.40, and for his costs, and decreed the said judgment a first lien on the premises above described, foreclosing the same, denying the prayer of Alberti's answer for judgment against Pierce and Thomas, or either of them, and providing that John Pierce and Jesse Thomas recover their costs against said Alberti.

On September 13, 1899, Alberti filed his motion for new trial, and on its presentation the court modified the judgment, assessing the amount of plaintiff's recovery in the sum of $145.20, and Jesse Aldridge's recovery in the sum of $59.57, overruling the motion as to the balance of the judgment, to which exception was saved by Alberti, and the case brought to this court for review.

*W. S. Cline* and *Ira A. Hill*, for plaintiff in error.
*Virgil H. Brown, J. L. Roberson,* and *McGinnis & Woodson,* for defendants in error.

DUNN, J. (after stating the facts as above.) Under our statutes, and the facts as developed in this case, Moore occupies the position of a materialman, and is entitled to a lien by virtue thereof. He furnished the stone to Pierce and Thomas with which they constructed the building, and which, under their contract, they were bound to furnish for the sum agreed upon with Alberti. Section 651, c. 66, Code Civ. Proc. St. Okla. 1893, sets out the conditions under which Moore could obtain a lien against the building or property on which such material was used:

"Any person who shall furnish any such material or perform such labor under a subcontract with the contractor, or as an artisan or day laborer in the employ of such contractor, may obtain a lien

upon such land from the same time, in the same manner, and to the same extent as the original contractor, for the amount due him for such material and labor; and any artisan or day laborer in the employ of such subcontractor, may obtain a lien upon such land from the same time, in the same manner, and to the same extent as the subcontractor, for the amount due him for such material and labor, by filing with the clerk of the district court of the county in which the land is situated, with sixty days after the date upon which material was last furnished or labor last performed under such subcontract, a statement, verified by affidavit, setting forth the amount due from the contractor to the claimant, and the items thereof as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant, and a description of the property upon which a lien is claimed; and by serving a notice in writing of the filing of such lien upon the owner of the land; Provided, that if with due diligence the owner cannot be found in the county where the land is situated, the claimant, after filing an affidavit setting forth such facts, may serve a copy of such statement upon the occupant of the land, or if the land be unoccupied, may post such copy in a conspicuous place upon the land or any building thereon. Immediately upon the filing of such statement the clerk of said court shall enter a record of the same in the docket provided for in section six hundred and fifty of this act, and in the manner therein specified: Provided, that the owner of any land affected by such lien shall not thereby become liable to any claimant for any greater amount than he contracted to pay the original contractor; but the risk of all payments made to the original contractor shall be upon such owner until the expiration of the sixty days hereinbefore specified; and no owner shall be liable to an action by such contractor until the expiration of said sixty days, and such owner may pay such subcontractor the amount due him from such contractor for such labor and material, and the amount so paid shall be held and deemed a payment of said amount to the original contractor."

The foregoing section is the one under which Moore attempted to act when he filed his lien in the office of the clerk of the district court against Joseph Alberti instead of George Alberti, and running the lien upon lot 13, in block 15, instead of lot 13, in block 33. The notice served misspelled the name of Alberti, and it was addressed to Joseph instead of George, and, in addition there-

to, likewise gave the wrong description of the property involved. When the suit was brought Joseph Alberti was made defendant, summons was issued to him, and served upon George Alberti, who answered by a general denial. On hearing the cause the errors of the lien statement developed, and the court, on considering the matter, permitted the making and filing of an amended lien statement correcting the error made in the original. To this action the defendant excepted, and his first specification of error is directed to this point.

Section 653, c. 66, St. Okl. 1893, provides:

"Any lien provided for by this act may be enforced by civil action in the district court of the county in which the land is situated. *   *   *   *   The practice, pleading, and proceedings in such action, shall conform to the rules prescribed by the Code of Civil Procedure as far as the same may be applicable; and in case of action brought, any statement may be amended by leave of court in furtherance of justice as pleadings may be in any matter, except as to the amount claimed."

In addition to this, section 139, c. 66, St. Okla., provides that:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case."

These sections, taken together, in our judgment, give ample authority to the court in the exercise of its discretion to allow the amendment to be made. The plaintiff in error, Alberti, under the contract which he had made with Pierce and Thomas, was in no wise prejudiced by this amendment. In carrying out the contract that he had made for the construction of his building he had paid out prior to the expiration of the 60 days provided for in section 651, c. 66, Okla. St., practically all of the money due on this contract. This it will be seen from the same section he did at his peril; and this money would have been paid out as it was without

reference to whether Moore's lien statement was accurate or inaccurate, for it was paid prior to the filing thereof, so that as the amendment in no wise changed the position of plaintiff in error he has no right to complain. The court committed no error in allowing the amended statement to be filed. The statute is a remedial one, and should be liberally construed to effect its purpose. *El Reno Electric Light & Telephone Co. v. W. R. Jennison*, 5 Okla. 759, 50 Pac. 144. Where in an action foreclosing a subcontractor's or materialman's lien, in which the original statement filed inaccurately states the name of the party sought to be charged, and erroneously described the property intended to be subjected to the lien, the court in the exercise of its discretion, and in the furtherance of justice, may allow such lien claimant to file an amended statement, and foreclose the same. This conclusion disposes of plaintiff's first and fifth assignments of error.

Plaintiff's second and third assignments of error both raise the question of the legality of the personal judgment rendered in favor of Moore and Aldridge against plaintiff in error for the amount found due on their claims. In these objections the court agree.

There was no privity of contract between Moore and Aldridge and Alberti. The owner of the premises (Alberti) had engaged Pierce and Thomas to furnish everything and do the constructing agreed on in the contract. This is consented to be the fact by all parties to this controversy, so Moore and Aldridge were not entitled to a personal judgment against Alberti.

"A subcontractor, materialman, or workman between whom and the owner there is no privity of contract, and in whose favor no direct liability has been imposed upon the owner, is not entitled to a personal judgment against the owner." 27 Cyc. 436, and cases cited.

There exists no such privity between a materialman or a subcontractor as will permit him to take a personal judgment for the amount of his debt against the owner. The party or parties with whom he contracts are the original contractors, and they alone as

between the two are personally responsible to him. By authority of the statute, and this only, he is permitted to subject the property improved to the payment of his claim, but he can do this only in a suit, as provided in section 653, c. 66, St. Okla. 1893, *et seq.*, in which such original contractor is a party defendant and it is essential before he can enforce his lien against the property that he first secure against the original contractor a judgment for the amount which he seeks to have levied on the property. Our statutes provide that: "In actions of this character, all persons whose liens are filed as herein provided, and other incumbrancers shall be made parties." The Court of Appeals of Colorado, in the case of *Estey v. Hallack & Howard Lumber Company*, 4 Colo. App. 165, 34 Pac. 1114, in passing upon a case similar to this, citing the case of *Davis v. Lumber Company*, 2 Colo. App. 381, 31 Pac. 187, says:

"*Davis v. Lumber Co., supra*, is conclusive of this case. The necessity of making the contractor a party is carefully examined, and discussed fully. The court said: 'It has been often held that the contractor was an indispensable party to the action. With this we agree, and adjudge that the contractor is not only a proper, but a necessary and indispensable, party against whom a debt must be established as the foundation of the decree for the foreclosure of the lien.' This conclusion is well sustained by authority. See Phil. Mech. Liens, art. 397; *Vreeland v. Ellsworth*, 71 Iowa, 347, 32 N. W. 374; *Kerns v. Flynn*, 51 Mich. 573, 17 N. W. 62; *Sinnickson v. Lynch*, 25 N. J. Law, 317; *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565. The conclusion is founded on principle and sound legal logic. No privity of contract exists between the owner and the subcontractor. The contractor is the primary debtor. If the amount could be collected from him, there would be no resulting claim against the property of the owner. The claim against the property is secondary, ancillary. Not only must there be a primary judgment against the contractor, but there must be an adjudication or settlement of the amount due subcontractors—matters of which the owner can have no knowledge whatever—and, in order to fix the amount for which subcontractors could charge the property, an adjudication or accounting between the owner and the contractor is indispensable."

Pierce and Thomas contracted to erect a building for plaintiff in error for a specific sum. They required stone to carry out their contract. Moore furnished this stone. They became indebted to him therefor, and by complying with certain requirements the statute gave Moore by reason of these facts a lien against Alberti's lot and building; but it is a right to subject the property improved to the payment of the debt, not a right to a personal judgment against the owner.

"The lien given by the statute to material men is neither a jus in re, nor a jus ad rem, but simply a right to charge the property affected by it with the payment of the particular debt, in preference and priority to other debts, on compliance with the requisitions of the statute; and it is inchoate until perfected by the rendition of a judgment in rem in the mode pointed out by the statute." *Porter & Co. v. Miles*, 67 Ala. 130; 27 Cyc. 430, and cases cited.

Furthermore, section 654, c. 66, St. Okla. 1893, provides:

"Where such action is brought by a subcontractor, or other person not the original contractor, such original contractor shall be made a party defendant, and shall at his own expense defend against the claim of every subcontractor, or other person claiming a lien under this act, and if he fails to make such defense the owner may make same at the expense of such contractor; and until all such claims, costs and expenses, are finally adjudicated, and defeated or satisfied, the owner shall be entitled to retain from the contractor the amount thereof, and such costs and expenses as he may be required to pay."

By this it will be seen that our statute precludes the idea of a personal judgment being taken by a subcontractor or materialman against the owner on the foreclosure of a lien filed by them. The judgment rendered should be a personal one against the original contractor, and a decree establishing a lien and ordering the sale of the real estate or other property, as in other cases of sales of real estate. St. Okla. 1893, c. 66, § 656.

Exception is taken to the judgment rendered in favor of Jesse W. Aldridge in the sum of $59.57. Aldridge, as appears from the evidence, was employed by Moore to haul the stone used in the

building at $1.65 per cord. Moore had agreed to furnish it for $3.65 per cord. Moore owed Aldridge personally for the hauling of this stone, and filed claim for the same with his original and amended statements. Aldridge filed a mechanics' lien statement in his own behalf for the amount, but his action was not a waiver of his claim against Moore, nor did it relieve Moore of its payment. His remedy was cumulative. He could do both.

"The mechanics' lien is a creature of the statute. It exists on certain conditions, independent of any special contract. It is unknown to the common law, and is a cumulative remedy, which may be concurrently pursued in connection with the ordinary actions for the collection of debts." *Henry Ehlers, Adm'r, v. S. T. Elder,* 51 Miss. 495.

"Filing the claim does not create, but simply establishes, the lien. It changes an inchoate and defeasible right to a lien into a fixed and definite incumbrance.    *   *   *   A mechanic who files a claim for lien does not thereby release his debtor from personal liability. So, too, a subcontractor, to whom the contractor has given an order on the owner, may still enforce his rights under such order after he has filed his claim." Boisot on Mechanics' Liens, 496.

Phillips on Mechanics' Liens, § 9, says:

"It is a cumulative remedy which may be concurrently pursued in connection with the ordinary actions for the collection of debts."

See, also, 27 Cyc. 432, and cases. Aldridge had a right to file the mechanics' lien statement, and also the right to proceed against Moore for the amount of his debt. On the order of the court he was, on March 30, 1899, made a defendant, but he was not served with summons, nor did he appear or plead in any manner, nor was he present at the trial, either personally or by counsel. Moore asked judgment for the amount which he owed Aldridge, and was entitled to it. Aldridge not being in court was neither entitled to a judgment in his favor, nor would he be liable for one against him. The court had no jurisdiction to render either. Moore, on the other hand, was entitled to recover the

money due Aldridge, as he had agreed to pay him, and owed him the amount.

The remaining question in this case is the right of plaintiff in error to be subrogated to the rights of Moore as against the original contractors, Pierce and Thomas, and while we find no adjudicated case in which the specific question here involved has been decided, the general principle applies that: "Subrogation takes place where one pays a debt which another was justly liable to pay, and payment is made to discharge the property of the person paying from an incumbrance." *Lowrey v. Byers,* 80 Ind. 443; *Davis et al. v Schlemmer, Adm'r,* 150 Ind. 479, 50 N. E. 373; *Albert Cole Respondent, v. Robert Malcolm, Impleaded, etc., Appellant,* 66 N. Y. 363: Boisot on Mechanics' Lien, § 263. Phillips on Mechanics' Lien, § 260. In the case of *Davis et al. v. Schlemmer, Adm'r,* 150 Ind. 478, 50 N. E. 373, the court says:

"The right of subrogation is not founded upon contract, expressed or implied, but upon principles of equity, and justice, and is broad enough to include every instance in which one party, not a mere volunteer, pays a debt for another primarily liable, and which in good conscience and equity should have been paid by the latter. *Spaulding v. Harvey,* 129 Ind. 106, 109, 28 N. E. 323, 13 L. R. A. 619, 28 Am. St. Rep. 176; *Huffmond v. Bence,* 128 Ind. 131, 137, 27 N. E. 347; *Sidener v. Pavey,* 77 Ind. 241; *Gerber v. Sharp,* 72 Ind. 553, 556-558; *Rooker v. Benson,* 83 Ind. 250, 256; *Kyner v. Kyner,* 6 Watts (Pa.) 221; *Harnsberger v. Yancey,* 33 Grat. (Va.) 527; *Miller v. Winchell,* 70 N. Y. 438; *Mathews v. Aiken,* 1 N. Y. 595; *Lewis v. Palmer,* 28 N. Y. 271; *Stevens v. Goodenough,* 26 Vt. 676; *Smith v. Foran,* 43 Conn. 244, 21 Am. Rep. 647; *Darst v. Thomas,* 87 Ill. 222; *Greenwell v. Heritage,* 71 Mo. 459; *Redington v. Cornwell,* 90 Cal. 49, 27 Pac. 40; Sheldon on Subrogation, §§ 1, 11."

From the foregoing it will be seen that Alberti is entitled to be subrogated to all the rights of Moore as against Pierce and Thomas, whose debt he has, by virtue of this lien against his property, been compelled to pay

The plaintiff in error make a further contention in his brief objecting to the amount of recovery allowed Moore, and calls

attention to the different payments alleged to have been made. In view of the fact that this was twice pressed upon the attention of the trial court, and that court modified its· judgment, we cannot, in consideration of the uncertain and conflicting statements in reference thereto, enter into this domain of speculation, as the lower court manifestly had better opportunities to determine this accurately than we have.

This defense urged by John Pierce in his separate answer, in which he pleads that he and Jesse Thomas took the contract to construct the building, and that they had a verbal agreement by which Thomas agreed to furnish the stone to erect the building, is one which cannot avail him in this controversy. His remedy is against Thomas.

The cause is accordingly remanded to the district court of Kay county, with instructions to set aside the judgment heretofore rendered, and enter one for O. H. P. Moore against John Pierce and Jesse Thomas for the sum of $204.77, with interest thereon at the rate of 7 per cent. per annum from September 20, 1898, and for his costs, decreeing $176.96 thereof a first lien upon lot 13, block 33, in the town of Newkirk, Kay county, Okla., and the said lien be foreclosed and the said lot sold as in other cases of the sale of real estate, and out of the proceeds thereof paying, first, the costs of this proceeding, second, the amount of judgment herein rendered, and the balance, if any, be paid to plaintiff in error, George Alberti, and enter judgment in favor of George Alberti, plaintiff in error, against John Pierce and Jesse Thomas, defendants in error, for the sum of $176.96, with interest thereon at the rate of 7 per cent. per annum from September 20, 1898, and for the costs of this proceeding, including all costs of foreclosure and sale of the property herein involved.

All the Justices concur.