## BUNKER v. HASKETT.

No. 6284. Opinion Filed March 21, 1916.

(156 Pac. 347.)

SUBROGATION—Implied Contract. A demurrer was properly sustained to a petition in an action by an owner against a contractor seeking judgment in favor of the owner for the amount alleged to be due by the contractor to certain subcontractors for labor and material going into a building for which liens thereon might be obtained, where it appears that such owner has not been subrogated to the rights of the subcontractors, and no steps have been taken by them looking to the establishment of liens against the property.

(Syllabus by Bleakmore, C.)

*Error from County Court, Harper County;*
*A. H. Walker, Judge.*

Action by L. L. Bunker against Thomas Haskett. Judgment for defendant, and plaintiff brings error. Affirmed.

*Smedley & De Villiers, C. W. Hofmeister,* and *J. L. Griffitts,* for plaintiff in error.

*E. J. Dick* and *M. W. McKenzie,* for defendant in error.

Opinion by BLEAKMORE, C.  This action was commenced in the county court of Harper county on October 30, 1913, by plaintiff in error, as plaintiff, against defendant in error, as defendant.  Demurrer to the second cause of action set forth in the petition was sustained, and plaintiff appeals.  In the petition, which contains two causes of action, it was asserted that on August 15, 1913, plaintiff and defendant entered into a contract in writing whereby defendant undertook to pay for all material and labor, and to construct and complete a building for a certain sum.  In the first cause of action it is declared that by mistake plaintiff paid to defendant $11.50 over and above the contract price.  In the second cause of action it is alleged:

"I. That the defendant failed to pay for work done and material furnished by divers parties to build and to complete said house in the sum of $328.04.  A statement of money due to the several persons who performed work and furnished material in order to build and complete said house is hereto attached and made a part thereof, marked Exhibit B.

"II.  That by the terms of said contract the house was to be finished and completed and all work and material paid for on or before the 1st day of October, 1913; that, in fact, the said house was not completed before the 25th day of October, 1913, and the defendant wholly failed to pay for work done and material furnished in the sum of $328.04, and no part of said $328.04 has been paid at this date prior to the bringing of this action.

"Plaintiff further alleges:

"I.  That after the time had expired as per contract for the defendant to pay for all work done and material furnished for said house, and before the filing of this

action, the plaintiff made a demand on the defendant to pay said debts and liabilities incurred by the defendant, which would subject said house and real estate appertaining thereto to mechanics' liens, and against said property as surety.

"II.   That said defendant refused and neglected, and still refuses and neglects, to pay said debts aforesaid and enumerated, aggregating $328.04, defendant well knowing that said aforesaid property by virtue of the statute of Oklahoma is held as security and subject to mechanics' liens to satisfy said debts by judicial proceedings, costs and attorney fees thereto added as provided by law.

"III.   That said period of time for filing mechanics' liens had not elapsed before and at the commencement of this action.

"Plaintiff further alleges:

"I.   That the defendant on the 29th day of October, 1913, after default of paying said debts aforesaid, and prior to the commencement of this action, sold and conveyed his property or otherwise disposed of his property, and converted the same into money and notes with the fraudulent intent or effect to cheat or defraud his creditors or to hinder or delay them in the collection of their debts, and especially defraud the plaintiff.

"II.   That the said debts and liabilities are in existence and pending as aforesaid; that no part has been paid; that default has been made; that said debts and liabilities are just, and are entitled to be filed as liens against said property under and by virtue of the law regulating the filing and procedure of mechanics' liens in the State of Oklahoma, and that by virtue of said default the defendant is obligated and indebted to plaintiff in the sum of $328.04; that there are no discounts or offsets or counterclaims in existence against said claims, but that said claims are just, true, and correct as enumerated herein.

"III.    That plaintiff has received no collateral or personal security or any security whatever to indemnify plaintiff in this matter of defendant's default in the sum of $328.04 and costs and attorney fees which may accrue herein in the subjection of said property held by virtue of law as security for payment of said debts and liabilities.

"IV.    That in order to protect and preserve the plaintiff's property interest herein and protect said plaintiff against said debts and liabilities that summary and auxiliary proceedings of attachment against the defendant's property be issued herein, and that said property be subjected to pay said debts, and liabilities aforesaid enumerated herein."

There was no privity of contract between the plaintiff, as owners, and the laborers and materialmen, the alleged creditors of the defendant contractor, for which a personal judgment could have been obtained against plaintiff.

"Our statute precludes the idea of a personal judgment being taken by a subcontractor or materialman against the owner on the foreclosure of a lien filed by him." (*Alberti v. Moore et al.*, 20 Okla. 78, 93 Pac. 543, 14 L. R. A. [N. S.] 136.)

The only way in which the plaintiff could have acquired a right of action against the defendant on account of the indebtedness alleged to be due laborers and the materialmen would have been by subrogation.  The right of subrogation is not dependant upon contract, but is founded upon the principles of equity, which include every instance in which a party, not a mere volunteer, pays the debt of another who is primarily liable therefor.  In the instant case plaintiff has not paid the indebtedness which it is alleged defendant owed for material and labor going into the building, and for which, under the provisions of the statute, the laborers or materialmen might

have obtained liens upon the property. The debts alleged to be due and set forth in the exhibit were those of defendant, for which plaintiff is in no manner personally responsible, although his property, if the proper steps had been taken, might have been subjected to liens and sold to pay the same. The judgment sustaining the demurrer was rendered on the 17th day of February, 1914, after the time within which the alleged creditors of defendant who furnished labor and material used in the construction of said building were authorized under the statute to file the statements requisite to obtaining liens had expired. Plaintiff then did not see fit to amend his petition to allege, if such was the case, that said laborers and materialmen had taken any steps looking to the establishment or enforcement of liens against his property; and, for aught that appears in the petition, such creditors of defendant looked to him personally, and not to the property of plaintiff for the satisfaction of their claims. Clearly plaintiff had no cause of action against defendant on account of the unpaid demands of such third persons. In our opinion, the action of the trial court in sustaining the demurrer was proper.

It follows that the judgment should be affirmed.

By the Court: It is so ordered.