## CAMPBELL v. WM. CAMERON & CO., Inc.
### No. 3587.

Court of Civil Appeals of Texas. Amarillo.
April 22, 1931.

Rehearing Denied May 27, 1931.

J. J. Yowell and Charles G. Russell, both of San Angelo, for appellant.

T. Wade Potter, of Littlefield, for appellee.

RANDOLPH, J.

This case was assigned to the writer to prepare the opinion of the court. Upon such opinion prepared by me, my associates declined to agree with me. The majority opinion giving their conclusion upon the law controlling the disposition of the case has been filed herein, and I now file this as my dissent to the holding in such majority opinion.

The question as to whether or not the trial court erred in sustaining a general demurrer to plaintiff's petition is the sole question involved on this appeal.

In order that the very pleading itself shall be before us, and leaving out the formal parts, we quote it, to wit:

"That on the 22nd day of August, 1929, this Court entered its judgment in cause No. 392-A, entitled Wm. Cameron Co. Inc. vs. E. H. R. Sabens, et al, and that execution has been levied on said judgment, and that said judgment and such execution are void for the reasons hereinafter set forth.

"That on the 8th day of August, 1928, the defendant Wm. Cameron Co., Inc., filed its petition in this Court alleging that it had furnished certain materials therein described, and certain improvements on real property described, at the special instance and request of the said E. H. R. Sabens, and the said Dan Freel now deceased. That in truth and in fact said material was not furnished at the instance or request of the said Dan Freel, or its purchase authorized by him, directly or indirectly, expressly or impliedly, and no partnership existed between Dan Freel and the said Sabens, but said materials were purchased by the said Sabens in order to carry out a contract with the said Dan Freel whereby such materials were to be furnished by Sabens at his sole expense; all of which facts were matters of record in Lamb County, Texas, and at all times well known to said Wm. Cameron Co., Inc., its officers and agents. That said suit filed on the 8th day of August, 1928, sought foreclosure of an alleged mechanic's materialmen's lien on certain lands in Lamb County, Texas, and no citation was issued thereon for service upon the said Dan Freel until the 25th day of May, 1929, and that although Dan Freel was served on the ——— day of July, 1929, he did not file or cause to be filed any answer in said cause on the 5th day of August, 1929, the return day named in said citation for the reason that he had been led to believe by the direct representations of the agents and officials of Wm. Cameron Company, Inc., that the purpose of said suit was to obtain judgment against the said Sabens and to establish a lien upon certain materials furnished to the said Sabens and that said company, knowing that the said Freel was not responsible for said indebtedness, agreed and promised the said Dan Freel that he would not be called upon to pay said debt personally and that he need not take any further action. That the said Dan Freel long prior to the issuance and service of citation in said suit had filed in the records of Lamb County, Texas, contracts between him and the said Sabens and an affidavit with reference to their relation and showing that the said Sabens was an independent contractor and neither a partner nor an agent of the said Dan Freel authorized to bind the said Dan Freel personally.

"That the said Dan Freel, believing in good faith that no action on his part was necessary in said suit, so advised his attorney, John D. H. Tester of San Angelo, Texas. In view of which said attorney did not file any answer as required by said citation. That thereafter, out of an abundance of caution, on the 17th day of August, 1929, said attorney did forward to the Clerk of this Court for filing a formal answer of the said Dan Freel. That at said time, unknown to the said Dan Freel, or his attorney, the said Wm. Cameron Company, Inc., had obtained a waiver of service and entry of appearance from the said Sabens, executed by him in Fort Worth, Texas. That on the 22nd day of August, 1929, said waiver of service and answer were filed and a judgment immediately taken out only foreclosing the alleged lien upon said lands, but being a money judgment against the said Sabens and the said Freel, jointly and severally, without any opportunity for the said Dan Freel to defend said suit or without any notice that said suit would be heard and without any lack of diligence on the part of the said Dan Freel or his attorney.

"That said judgment was secured by the false and fraudulent representations of said Company that it had a contract or agreement with the said Dan Freel; that it furnished said materials and supplies to said Dan Freel at his special instance and request as alleged in its said petition and in the statement of account recorded in the mechanic's and materialmen's lien records referred to in said petition.

"That in his letter to the attorney for said company said attorney for the said Dan Freel advised him that Mr. Freel advised him that Mr. Freel would be in Littlefield to see him in a few days and asked him for his assurance that no adverse action would be taken prior to such conference. That after said judgment was taken as aforesaid the

said Dan Freel communicated with the said company through its agents and attorneys, who concealed from him the fact that said personal judgment had been taken and led him to believe that no action had been taken or would be taken in said cause requiring him to pay said debt personally and the said Dan Freel died on or about the 12th day of February, 1930, without knowing that said judgment had been obtained against him.

"That on the 25th day of February, 1930, and after the death of the said Dan Freel, deceased, purported execution was issued which is void and of no force and effect and more than one year has elapsed since said judgment was obtained and the same is now dormant and no execution could be issued thereon without scire facias or proper action to revive the same. Notwithstanding which said company has filed a claim against plaintiff herein based on said judgment and said void execution thereon."

Upon the hearing in the trial court, that court sustained a general demurrer to the petition, and, on the plaintiff declining to amend, the suit was dismissed.

While the plaintiff's petition recites that a judgment was rendered that was not authorized by the facts, it nowhere alleges that the defendant has a meritorious defense except by implication. This implication must be based upon the allegation that the material alleged to have been furnished was wrongfully charged to Sabens and Freel; for the reason that Sabens was an independent contractor and was personally liable to Cameron & Co., and that it was not furnished at the instance and request of Freel; that no partnership existed between Freel and Sabens. The petition also shows that the building contract between Sabens and Freel was duly recorded.

I do not think that the doctrine of reasonable intendment should be applied to a pleading attacking a judgment upon specific grounds, and which pleading, in the nature of a bill of review, must charge certain specific things which render it subject to attack and which is required to be under oath. The petition attacking the judgment is not sworn to, does not state that the complainant has a meritorious defense and that upon another trial a different result will be reached.

The court should be loth to set aside a judgment unless it is clearly alleged that the complainant has a meritorious defense and that the result would likely be different on another trial. Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195; Holliday v. Holliday, 72 Tex. 581, 10 S. W. 690, 691; El Paso & S. W. Ry. Co. v. Kelley, 99 Tex. 87, 92, 87 S. W. 660; Johnson v. Templeton, 60 Tex. 238; Sperry v. Sperry (Tex. Civ. App.) 103 S. W. 419, 422.

There is no allegation that Freel relied on the promises and representations of the agent of Wm. Cameron & Co., and was thereby induced to refrain from making his defenses to the suit. Neither is it alleged that the representations were made upon the design to cheat and defraud Freel and that said agents at the time they made same had no intention of performing same.

I am of the opinion that it was never intended that a judgment of a court of competent jurisdiction could be assailed by any such loose pleading as is set out above, and to permit parties to attack a solemn judgment of such a court without following the rules of pleading as required by an equity court in the attack on such judgment will result in any judgment and all judgments being set aside at the whim of the losing party who desires to stay the proceedings.

I am therefore of the opinion that the trial court did not err in sustaining the general demurrer, and dissent from the majority opinion.

HALL, C. J.

The plaintiff's petition in the nature of a bill of review to set the judgment of the trial court aside shows that Freel, now deceased, had a meritorious defense in the trial court, and that through the fraud of the appellee he was deprived of the right to present it. It shows the issuance and levy of an execution. The judgment which this proceeding seeks to set aside is rendered personally against Freel for the amount of the claim of Cameron & Co., and Campbell, as administrator, seeks to set it aside as being void. While the appellant's petition does not show whether Cameron & Co. filed the necessary claim in order to entitle it to foreclose a mechanic's lien upon the property of Freel, deceased, it does show that the material was furnished to Sabens alone, who was an independent contractor, and who alone was personally responsible to Cameron & Co., and that it was not furnished at the instance or request of Freel. As against a general demurrer, the petition is sufficient to show that Freel had made no contract with Cameron & Co. entitling it to a personal judgment against him, and that the purchase of the lumber was not authorized by him either directly or indirectly; that no partnership existed between Freel and Sabens. It shows that the building contract between Sabens, the independent contractor, and Freel, the owner of the land, was duly recorded, and that Cameron & Co. had notice of its terms. Fox et al. v. Christopher & Simpson Iron Works Co. (Tex. Civ. App.) 199 S. W. 833; Burk Burnett-Mann Oil Co. v. Robertson (Tex. Civ. App.) 240 S. W. 1046; Lonergan v. San Antonio Loan & Trust Co., 101 Tex. 63, 104 S. W. 1061, 106 S. W. 876, 22 L. R. A. (N. S.) 364, 130 Am. St. Rep. 803; Wilkerson & Satterfield v. McMurry (Tex. Civ. App.) 167 S. W. 275; Owen v. Griffin (Tex. Civ. App.) 34 S.W.(2d) 333; Sun-

set Brick & T. Co. v. Stratton (Tex. Civ. App.) 53 S. W. 703; Owens v. Caraway (Tex. Civ. App.) 110 S. W. 474; Sens v. Trentune, 54 Tex. 218; Alberti v. Moore, 20 Okl. 78, 93 P. 543, 14 L. R. A. (N. S.) 1036; Volker-Scowcroft Lumber Co. v. Vance, 36 Utah, 348, 103 P. 970, 24 L. R. A. (N. S.) 321, Ann. Cas. 1912A, 124; 9 C. J. 835, 836.

I therefore dissent from Judge RANDOLPH'S holding that the petition is insufficient, and Judge JACKSON concurs in this opinion.

For the reasons stated, the trial court erred in sustaining the general demurrer, and the judgment is reversed, and the cause remanded.